MOLLIE MOORE *et al. v.* THE STATE.

1. DISORDERLY HOUSE. — The provisions of the Penal Code relating to disorderly houses are designed for the punishment of *the keepers* of such establishments, and not for the punishment of every prostitute who may occupy a room therein, without being the proprietress of the apartment.

2. SAME. — Three women were jointly indicted for keeping a disorderly house.

The proof showed that one of them was the keeper, and that the other two were prostitutes occupying rooms and plying their vocation therein. All being convicted, the keeper and one of the occupants appeal; and the judgment as against the keeper is affirmed, but is reversed as to the occupant.

APPEAL from the County Court of Lamar.  Tried below before the Hon. S. C. BRYSON.

The case is stated in the opinion.

*Easton & Hodges*, for the appellants.

*W. B. Dunham*, for the State.

ECTOR, P. J.  Mollie Moore, Cansada Clymer, and one Mrs. Clymer were indicted for keeping a disorderly house, were found guilty, and fined each $100.  Mrs. Clymer and Cansada Clymer, two of the defendants, have appealed. The evidence shows conclusively that a bawdy-house was kept by Mrs. Clymer, and that her daughter, Cansada Clymer, and Mollie Moore lived with her in the same house, each occupying a separate room in the building.

On the trial of the cause the court, among other instructions given to the jury, charged them as follows:

"1. Each room, or a part of a building, kept for the purpose of public prostitution constitutes a disorderly house.

"2. A joint charge against defendants of keeping a disorderly house is a charge against each individually, and you will find a verdict against such as the evidence proves to your satisfaction, beyond a reasonable doubt arising from the testimony, had or occupied a room therein for the purpose of public prostitution.

"3. Each room kept for prostitution constitutes a disorderly house under the statute, and each person keeping a room for prostitution is guilty of keeping a disorderly house."

---

---

The evident object of the statute (Code Cr. Proc., arts. 396–398) was to punish the *keepers* of disorderly houses; and when separate rooms of the same building are kept by different persons for the purposes of prostitution, each one being the separate proprietress of the room occupied by her, all of such occupants would be liable as the keeper of a disorderly house — still, it is only the proprietors of such rooms that are liable for keeping a disorderly house under the statute.

We think the evidence shows that Cansada Clymer was not the proprietress of the room occupied by her. It shows to our satisfaction that Mrs. Clymer was the keeper and proprietress of the house. The charge of the court was excepted to at the time, and additional instructions were asked by defendants. We think the second subdivision of the charge was calculated to prejudice the rights of the appellant Cansada Clymer, and was not the law, as applicable to the facts, as to her.

We find no error in the record of which the appellant Mrs. Nancy Clymer can complain.

The judgment of the lower court against Mrs. Clymer is affirmed, and it is reversed and remanded as to Cansada Clymer.

*Ordered accordingly.*